IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLARENCE COX,<br><br>        Plaintiff,<br><br>vs.<br><br>CLAYTON COUNTY SCHOOL DISTRICT,<br><br>        Defendant. | CIVIL ACTION FILE NO.<br><br>1:17-CV-0159-ELR<br><br><br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, the Clayton County School District, Defendant in the above-styled action ("Defendant"), and hereby files this, its Answer to Plaintiff's Complaint, and shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against the Defendant.

### SECOND DEFENSE

The actions of this Defendant were not the proximate cause of any alleged injury or damages complained of in the Complaint and by reason of such lack of proximate causation, Plaintiff is not entitled to recover any sum whatsoever from

this Defendant.

### THIRD DEFENSE

Any injury or damages suffered by Plaintiff were the result of an independent intervening cause and not the result of any alleged negligence or other actions or inactions of this Defendant.

### FOURTH DEFENSE

Plaintiff's claims do not rise out of an injury that was proximately caused by any policy, procedure, or custom of the Defendant.

### FIFTH DEFENSE

The allegations set forth in Plaintiff's Complaint do not rise to the level of a constitutional deprivation under color of state law and therefore do not support a claim for relief under 42 U.S.C. § 1983 or the Georgia Constitution.

### SIXTH DEFENSE

All actions taken by Defendant with regard to Plaintiff were taken in good faith and for legitimate reasons.

### SEVENTH DEFENSE

Defendant asserts the defenses of good faith defense, and the same decision would have been made absent any discrimination.  McKennon v. Nashville Banner Publishing Co., 513 U.S. 352 (1995); Kolstad v. American Dental Association, 527 U.S. 526 (1999); Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274

2

(1977); Price Waterhouse v. Hopkins, 490 U.S. 228, 252-253 (1989).

## EIGHTH DEFENSE

Retaliation for allegedly engaging in protected conduct was not the but-for cause of, or a substantial or motivating factor for, acts or omissions challenged by Plaintiff.

## NINTH DEFENSE

Defendant raises the defense of after acquired evidence.

## TENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## ELEVENTH DEFENSE

To the extent Plaintiff has failed to mitigate alleged damages or caused the alleged damages by his own conduct or actions, if any, any damage award to which he may otherwise be entitled must be reduced.

## TWELFTH DEFENSE

Any and all claims for injunctive relief should be dismissed.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of laches, waiver, estoppel, unjust enrichment, unclean hands, and other equitable doctrines.

## FOURTEENTH DEFENSE

Defendant reserves any mixed motive defense that may be applicable in this

case.

## FIFTEENTH DEFENSE

Defendant reserves the right to raise additional affirmative defense as may be discovered during the course of these proceedings.

## SIXTEENTH DEFENSE

Without waiving any of the above Defenses, but reserving and relying upon all of said Defenses, Defendant responds to the specific allegations and averments contained in Plaintiff's Complaint as follows:

## INTRODUCTION

Defendant denies generally any allegation of wrongdoing contained in the unnumbered paragraph preceding Paragraph 1 of Plaintiff's Complaint, and further denies that Plaintiff is entitled to any relief in this matter.

## JURISDICTION AND VENUE

1.

Defendant admits the allegations in Paragraph 1 of Plaintiff's Complaint; however, Defendant denies generally any allegation of wrongdoing or that Plaintiff is entitled to any relief in this matter.

2.

Defendant admits that venue is proper in the Northern District of Georgia; however, Defendant denies generally any allegation of wrongdoing or that Plaintiff

is entitled to any relief in this matter.

## THE PARTIES

3.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint; however, Defendant denies generally any allegation of wrongdoing or that Plaintiff is entitled to any relief in this matter.

## FACTUAL ALLEGATIONS

6.

Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's Complaint, and therefore, the same stand denied.

7.

Defendant denies as written the allegations in Paragraph 7 of Plaintiff's Complaint because at the time of this Answer, the numbers are greater than alleged.

8.

Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant admits that a resolution was passed in March of 2013 to address gaps in security created by Sheriff Hill's withdrawal of school resource officers. Defendant denies that it voted to create an internal police department at that same time.

11.

Defendant admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant admits that Plaintiff oversaw approximately fifty-five employees, but denies that the budget amount alleged in Paragraph 12 of Plaintiff's Complaint is accurate.

13.

Defendant denies that Plaintiff received "superior" ratings in annual personnel evaluations. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of Paragraph 13 of Plaintiff's complaint.

14.

Defendant is without information or knowledge to form a belief as to the truth of the alleged date that Plaintiff announced that he was seeking elective office for Clayton County Sheriff.

15.

Defendant does not read Paragraph 15 of Plaintiff's Complaint as requiring a response; to the extent that it does, Defendant admits the allegations in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant is without information or knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 16 of Plaintiff's Complaint.

17.

Defendant does not read Paragraph 17 of Plaintiff's Complaint as requiring a response; to the extent that it does, Defendant admits that the quotation of the relevant law is accurate.

18.

Defendant is without information or knowledge to form a belief as to when or how Plaintiff made his announcement.

19.

Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant admits that no policy prohibited Plaintiff from seeking office; however, Defendant did have policy which included reasonable restrictions on the activities of a person seeking office.

24.

Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant admits the allegations in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant is without information or knowledge to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Complaint, and therefore, the same stand denied.

29.

Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

### 42 U.S.C. § 1983 Allegations

32.

Defendant reincorporates by reference its responses to Paragraphs 1 through 31 of the Plaintiff's Complaint as if fully set forth herein.

33.

Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint as written.

34.

Defendant admits that certain constitutional protections may apply in some circumstances to individuals who wish to seek political office; however, Defendant denies any allegation of wrongdoing or that Plaintiff is entitled to any relief in this matter.

35.

Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.

Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.

Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.

Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45.

Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.

To the extent any allegations set forth in Plaintiff's Complaint are not specifically admitted herein, Defendant denies the same.

47.

All allegations in all subparagraphs of the "PRAYER FOR RELIEF" section of Plaintiff's Complaint are hereby denied.

WHEREFORE, having answered all of the allegations in the Plaintiff's Complaint, Defendant prays:

1. That Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in favor of Defendant;
2. For its costs and expenses in defending this action, including attorneys' fees; and
3. For such other relief as this Court deems just and proper.

Respectfully submitted this 23rd day of February, 2017.

                                  Respectfully submitted,

                                  **GREGORY, DOYLE,**
                                  **CALHOUN, & ROGERS, LLC**
                                  Attorneys for Defendant

                                  /s/ Randall C. Farmer
                                  Randall C. Farmer
                                  Georgia Bar Number 255345
                                  Michael D. Deariso
                                  Georgia Bar Number 696424

49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155
rfarmer@gregorydoylefirm.com
mdeariso@gregorydoylefirm.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CLARENCE COX,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLAYTON COUNTY SCHOOL DISTRICT,<br><br>　　　　Defendant. | CIVIL ACTION FILE NO.<br><br>1:17-CV-0159-ELR<br><br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2017, I electronically filed the **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

LaTonya Nix Wiley, Esq.
The Wiley Law Firm
1100 Peachtree Street NE
Suite 200
Atlanta, Georgia  30309
(678) 614-1921 (phone)
(770) 954-9777 (facsimile)
wileylaw@aol.com

Respectfully submitted,

**GREGORY, DOYLE, CALHOUN, & ROGERS, LLC**
Attorneys for Defendant

/s/ Randall C. Farmer
Randall C. Farmer
Georgia Bar Number 255345
Michael D. Deariso
Georgia Bar Number 696424

49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155
rfarmer@gregorydoylefirm.com
mdeariso@gregorydoylefirm.com

2196714_1.docx